IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

                                **Civil Action 2:12-cv-183**
                                **Judge Michael H. Watson**
                                **Magistrate Judge Elizabeth P. Deavers**

**TWELVE THOUSAND EIGHT
HUNDRED TWELVE AND 00/100
DOLLARS ($12,812.00) IN UNITED
STATES CURRENCY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Strike Claim and Answer of Michael Calyen Pursuant to Supplemental Rule G(8)(c).  (ECF No. 14.)  The time for opposing Plaintiff's Motion has run with no opposition being filed by the claimant.  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's unopposed Motion be **GRANTED**.

On February 28, 2012, the United States filed a Verified Complaint of Forfeiture pursuant to 21 U.S.C. § 881(a)(6), seeking seizure and forfeiture of $12,812.00 in United States Currency.  (ECF No. 2.)  According to the Complaint, Drug Enforcement Administration ("DEA") task force officers seized the Defendant Currency from Michael Edward Calyen at the Port Columbus International Airport on November 14, 2011.  (Compl. ¶ 5, ECF No. 2.)  The United States alleges in its Complaint as follows:

> Defendant Currency constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance, or was used or intended to be used to facilitate one or more

> violations of 21 U.S.C. § 841 *et seq.*, and is therefore forfeitable to the Unites States pursuant to 21 U.S.C. § 881(a)(6).

(Compl. ¶ 24, ECF No. 1.)

On May 4, 2012, Calyen filed a Claim Opposing Forfeiture. (ECF No. 7.) Calyen filed an Answer on June 12, 2012, wherein he denies the allegations contained in the Complaint. (ECF No. 10.) On June 14, 2012, Plaintiff propounded its First Set of Special Interrogatories pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (ECF No. 14-1.) The record indicates that Calyen received Plaintiff's Special Interrogatories on June 18, 2012. (ECF No. 14-2.) Pursuant to Rule G(6)(b) of the Supplemental Rules, Calyen had 21 days from the date of service to answer or object to the Special Interrogatories. Calyen's answers or objections were thus due by July 8, 2012. Calyen failed to respond by the due-date. On July 11, 2012, Plaintiff sent a letter to Calyen advising him that if he did not answer the Special Interrogatories by July 23, 2012, Plaintiff would file a Motion to Strike his Claim and Answer. (ECF No. 14-3.) To date, Calyen has not responded to the Special Interrogatories, nor has he sought an extension of time in which to respond.

Plaintiff now moves to strike Calyen's Claim and Answer pursuant to Supplemental Rule G8(c) for Calyen's failure to respond to the Special Interrogatories. Supplemental Rule G8(c)(i)(A) provides that "[a]t any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule . . . G(6) . . . . Fed. R. Civ. P. Supp. R. G8(c)(i)(A); s*ee also United States v. $15,000.00 in U.S. Currency*, 11-cv-97, 2012 WL 3000649, at *2 (S.D. Miss. Jul. 23, 2012) (granting motion to strike claim and answer because claimant failed to timely respond to special interrogatories); *United States v. $27,970.00 in U.S. Currency*, 09-cv-139, 2010 WL 933762, at *1 (S.D. Ga. Mar. 16, 2010) (striking claim and answer because claimant failed to

2

respond to special interrogatories).

Calyen unquestionably failed to comply with Rule G(6), which requires that "[a]nswers or objections to [special] interrogatories . . . be served within 21 days after the interrogatories are served."  Rule G(6)(b).  Well over 21 days has passed since Plaintiff served its Special Interrogatories, yet Calyen has failed to answer or otherwise respond.  Nor has Calyen sought an extension of time in which to respond to the Interrogatories.  Indeed, Calyen did not respond to Plaintiff's Motion to Strike, or otherwise seek to offer the Court a good-cause reason for his failure to answer the Special Interrogatories.  It is, therefore, **RECOMMENDED** that Plaintiff's Motion be **GRANTED**, and that Michael Calyen's Claim and Answer be stricken from the record.  (ECF Nos. 7 and 10.)

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


Date: September 14, 2012                             /s/ *Elizabeth P. Deavers*
                                                                        Elizabeth P. Deavers
                                                                        United States Magistrate Judge